HARRIS, tax-collector, *v.* VINING *et al.*

Each person keeping automobiles for hire in cities of more than 35,000 inhabitants is subject to pay a specific and occupation tax under the general tax act approved August 20, 1918 (Acts 1918, p. 48, sec. 2, par. 16).

No. 1861.　OCTOBER 13, 1920.

Equitable petition. Before Judge Ellis. Fulton superior court. January 6, 1920.

R. H. Vining et al. brought a petition against Lucien Harris, tax-collector, to enjoin him from collecting an automobile tax under an act of the legislature approved August 20, 1918 (Acts 1918, p. 48, sec. 2, par. 16). That paragraph is as follows: "Automobile Garage. Upon each person, firm, or corporation carrying on the business of operating garages, either for storage or repairing automobiles, or keeping same for hire, in cities of more than 35,000 inhabitants, $25.00. In cities of between 20,000 and 35,000 inhabitants, $15.00. In cities of between 10,000 and 20,000 inhabitants, $10.00. In cities or towns of from 1000 to 10,000 inhabitants, $5.00. And upon each person keeping a car for hire in cities, or towns of less than 1,000 inhabitants or in any place outside of an incorporated town, shall pay a tax of $5.00." It is alleged in the petition, that the attempt to collect the tax from petitioners is illegal, because the tax is upon a person, firm, or corporation carrying on the business of operating a garage either for storage or repairing automobiles, or keeping same for hire, in cities of the size therein designated; that petitioners are residents of the City of Atlanta, which is a city of more than 35,000 inhabitants; that the defendant is attempting to collect the license tax from each of them; that each of them

owns an automobile which he operates for hire, carrying passengers for hire in the City of Atlanta; that none of them are engaged in carrying on the business of operating garages either for storage or repairing automobiles, or keeping the same for hire, and none of petitioners comes within the class designated in the act; that the defendant is attempting to enforce the payment of the tax, and is threatening either to seize the property of petitioners for the collection of the tax or to prosecute them for carrying on the business which they claim they are carrying on, contrary to law, the purpose of the threatened prosecution being to compel petitioners to pay the tax, and the defendant is threatening and attempting to prevent petitioners from operating their automobiles if they do not pay the tax; that the collection of the tax would be illegal, and if they are compelled to pay it they would be without remedy for the recovery of the amounts paid by them; and that if the collection of the tax is not enjoined, they will suffer damage for which they have no adequate legal remedy. They pray, that the defendant be restrained from further attempting to collect the tax from petitioners, or from seizing or attempting to seize any property belonging to them, or from interfering with them in the conduct of their business; and for general relief. A general demurrer was filed, on the ground that the petition set out no cause for equitable relief, and that it shows on its face that petitioners are liable for the tax the payment of which they seek to enjoin. The court overruled the demurrer, and the defendant excepted.

*Clifford Walker, attorney-general,* and *M. C. Bennet,* for plaintiff in error. .

*Otey McClellan* and *Branch & Howard,* contra.

HILL, J. The meaning of that portion of the act of 1918 set out in the foregoing statement of facts is not free from doubt. The language is, "upon each person, firm, or corporation carrying on the business of operating garages, either for storage or repairing automobiles, *or keeping same for hire* [Italics ours], in cities of more than 35,000 inhabitants, $25.00." There would be little difficulty in ·construing the paragraph quoted, but for the words " or keeping same for hire." This language seems to indicate the intention of the legislature to put the same specific and occupation tax upon each person keeping automobiles for

hire as upon each person, firm, or corporation carrying on the business of operating garages, either for storage or repairing automobiles. The language used in the last paragraph of the section of the act quoted above, which places upon "each person keeping a car for hire in cities or towns of less than 1000 inhabitants, or in any place outside of an incorporated town, a tax of $5.00," throws light upon the intention of the legislature. It is hardly to be supposed that the legislature would impose upon each person keeping a car in cities or towns of less than 1000 inhabitants, or in any place outside of an incorporated town, a tax of $5.00, and yet exempt entirely each person keeping automobiles for hire within a city of more than 35,000 inhabitants. In the construction of statutes it is the intention of the legislature which is to be arrived at; and we think it is reasonably clear, from reading the entire paragraph of the section of the act under consideration, that it was the purpose of the legislature to impose a specific and occupation tax upon each individual person keeping automobiles for hire, and grading the amount of the tax according to the population of the town or city in which such person conducts such business. Arriving at this conclusion, we think the court below erred in overruling the demurrer to the petition.

*Judgment reversed. All the Justices concur.*